**IN THE UNITED STATE DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **JEAN MORRIS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | Case No._____ |
| | ) | |
| **COX ENTERPRISES, INC.** | ) | |
| **Serve Registered Agent:** | ) | **JURY TRIAL DEMANDED** |
| Corporation Service Company | ) | |
| 251 Little Falls Drive | ) | |
| Wilmington, DE 19808 | ) | |
| | ) | |
| **COX AUTOMOTIVE, INC.** | ) | |
| **Serve Registered Agent:** | ) | |
| Corporation Service Company | ) | |
| 251 Little Falls Drive | ) | |
| Wilmington, DE 19808 | ) | |
| | ) | |
| **AUTOTRADER.COM, INC.** | ) | |
| **Serve Registered Agent:** | ) | |
| CSC-Lawyers Incorporating | ) | |
| Service Company | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW Plaintiff, Jean Morris, by and through the undersigned counsel, and states and alleges as follows against Defendants:

## NATURE OF THE CLAIM

1.     This is an action for legal and equitable relief to address the deprivation of Plaintiff's civil rights pursuant to the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010; Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act ("ADEA"); and for retaliation in violation of Missouri public policy, the MHRA, Title VII, and the ADEA.

## PARTIES

2.      Plaintiff is and was at all times relevant to the allegations herein, a female resident of the State of Missouri, and at the time of her termination, worked for Defendants in Missouri.

3.      Defendant Cox Enterprises, Inc. is a company incorporated in the State of Delaware and headquartered in Atlanta, Georgia, and which is authorized to and conducts business in the State of Missouri, where it employed Plaintiff. Defendant Cox Enterprises, Inc. otherwise has sufficient minimum contacts with this District to confer jurisdiction on this Court.

4.      Defendant Cox Automotive, Inc. is a company incorporated in the State of Delaware and headquartered in Atlanta, Georgia, and which is authorized to and conducts business in the State of Missouri, where it employed Plaintiff. Defendant Cox Automotive, Inc. otherwise has sufficient minimum contacts with this District to confer jurisdiction on this Court.

5.      Defendant Autotrader.com, Inc. is a company incorporated in the State of Delaware and headquartered in Atlanta, Georgia, and which is authorized to and conducts business in the State of Missouri, where it employed Plaintiff.   Defendant Autotrader.com otherwise has sufficient minimum contacts with this District to confer jurisdiction on this Court.

6.      On information and belief, at all times relevant to the allegations herein, Defendants extended sufficient control over Plaintiff's employment and otherwise shared or jointly determined matters governing the terms and conditions of Plaintiff's employment, making Defendants joint employers of Plaintiff as it relates to the facts, circumstances and claims set forth herein.

2

## JURISDICTION AND VENUE

7.      All or a substantial portion of the actions complained of herein occurred in this District and accordingly, jurisdiction and venue are proper in this Court.

8.      This Court has jurisdiction over the subject matter because Plaintiff asserts this civil action seeking monetary damages for violations of federal laws prohibiting discrimination and retaliation.

9.      This Court has personal jurisdiction over the defendants because Defendants employed Plaintiff in Missouri, conducted and transacted business in Missouri, and all or a substantial portion of the discriminatory and wrongful acts alleged herein occurred in the State of Missouri.  Additionally, there is diversity between the parties and the amount in controversy exceeds $75,000.00.

10.     Venue is proper in this Court because all or a substantial part of the alleged acts, omissions and occurrences giving rise to the claims alleged herein occurred in Jackson County, Missouri, which is within the jurisdiction of the Western District of Missouri.

## ADMINISTRATIVE PROCEEDINGS

11.     Plaintiff timely filed a Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission alleging sex and age discrimination and retaliation on or about September 20, 2016. *A true and accurate copy of the Charge is attached hereto as **Exhibit A** and incorporated herein by reference.*

12.     Thereafter, on or about April 25, 2017, the Missouri Commission on Human Rights issued Plaintiff a Notice of Right to Sue regarding her Charge of

Discrimination. *A true and accurate copy of the Charge is attached hereto as **Exhibit B** and incorporated herein by reference.*

13.   On or about May 9, 2017, the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue regarding her Charge of Discrimination. *A true and accurate copy of the Charge is attached hereto as **Exhibit C** and incorporated herein by reference.*

## FACTUAL ALLEGATIONS

14.   Defendants employed Plaintiff as an Advertising Consultant for approximately nine years, from August 2007 until her wrongful termination on or about July 29, 2016.

15.   Plaintiff is a 56 year-old female.

16.   Plaintiff is within the "protected" age category.

17.   Plaintiff's sales territory traditionally included Kansas and Missouri, but her territory was substantially Missouri at the time of her termination and for several months leading up to her termination.

18.   Defendants held team meetings for the Kansas City team in Missouri at 3901 N Skiles Ave, Kansas City, MO 64161.

19.   When Plaintiff was not attending meetings with customers or co-workers, Plaintiff primarily worked from her home office in Missouri.

20.   Once Mark Keller became Defendants' District Sales Manager in 2013, Plaintiff began to notice a pattern and practice of age discrimination, whereby Defendants were disciplining and/or terminating older workers.

21.   In July 2015, Plaintiff's supervisor, Mark Keller, asked if she would help cover an open territory (Sedalia, Clinton, Warrensburg, and Lee's Summit, Missouri)

4

after a colleague left the company. Plaintiff agreed to do so and looked forward to the opportunity.

22.     In July 2015, Mr. Keller told Plaintiff that she would assume sales responsibilities for Sedalia, Warrensburg, Clinton, and Lee's Summit in Missouri, because a more "mature" and "seasoned" salesperson was needed, whereby he was referencing Plaintiff's age and suggesting these territories would be more suitable for an older employee to service.

23.     That same evening, Plaintiff's much younger colleague, Cassie Bajpeyi, called Plaintiff and asked about her meeting with Mark Keller. Plaintiff informed her of the additional territory she would be covering. Ms. Bajpeyi threw a fit on the phone and said she wanted the territory instead. Ms. Bajpeyi is approximately 30 years old.

24.     Mark Keller, upon complaint and demand of Cassie Bajpeyi, rescinded his offer for Plaintiff to cover the open territory of Sedalia, Warrensburg, Clinton, and Lee's Summit, Missouri, and instead succumbed to Plaintiff's much younger colleague, Ms. Bajpeyi, and assigned the territory to her.

25.     Between July 2015 and November 2015, Ms. Bajpeyi serviced Sedalia, Clinton, Warrensburg, and Lee's Summit, in addition to her normal territory of Lawrence, Kansas City, Leavenworth, and North Johnson County, in Kansas.

26.     On information and belief, Cassie complained to Mr. Keller about the new territory of Sedalia, Clinton, Warrensburg, and Lee's Summit, because customers were cancelling their accounts with Defendants.

27.     Thereafter in approximately the fall of 2015, Mr. Keller and the new Regional Sales Director, Andy Lorenz, sought to change Plaintiff's territory.

5

28.     Until approximately November 2015, Plaintiff's sales territory had included Olathe, Louisburg, Paola, South Johnson County, and Overland Park.

29.     As of November 2015, Keller changed Plaintiff's territory to Sedalia, Clinton, Warrensburg, and part of Lee's Summit, the territory about which Ms. Bajpeyi had complained that the customers were cancelling their accounts.

30.     Mr. Keller transferred to Plaintiff Ms. Bajpayi's accounts that were suffering neglect and pending cancellation, without first consulting or communicating with Plaintiff.  On information and belief, Mr. Keller did this so that Plaintiff would suffer the revenue loss instead of Plaintiff's younger colleague, Ms. Bajpeyi.

31.     Mr. Keller then gave Ms. Bajpeyi Plaintiff's most profitable territory that included Olathe, Louisburg, Paola, South Johnson County, and Overland Park, in Kansas.

32.     Plaintiff had worked to grow and develop her profitable Kansas territory for more than five years, and yet these accounts were transferred to Ms. Bajpeyi who then unfairly benefitted from Plaintiff's hard work. Meanwhile, as a result of the transfer, Plaintiff's revenue was approximately cut in half so that her commissions earnings were approximately reduced by half as well.

33.     Some of Plaintiff's former Kansas customers informed her that they did not want Ms. Bajpeyi to service them, such as Rob Sight Ford and Robert Brogden GMC in Olathe, Kansas; and the Olathe Kia and Subaru dealerships. However, Defendants' upper-level management ignored those requests and continued to allow Ms. Bajpeyi to service those accounts instead of Plaintiff.

34.     During the same time period, Defendants informed another older female employee, Jill Fichtner, who was approximately 45 years old, that she would be losing

6

most of her territory. Ms. Fichtner had formerly serviced Springfield and Joplin, Missouri. Springfield was taken away and given to a younger new employee, Erin Sherman, who was approximately 35.

35. Plaintiff routinely complained to Mr. Keller of unfair treatment on the basis of age and sex.

36. In December 2015, after Plaintiff had complained to Mr. Keller of unfair treatment, Mr. Keller issued Plaintiff an unwarranted written warning and an unwarranted performance improvement plan.

37. In February 2016, Plaintiff made a formal written complaint of discrimination to Human Resources regarding its pattern and practice of favoring younger, attractive female employees.

38. Plaintiff also complained to Defendants, including Mr. Keller and Human Resources, about unlawful conduct by Andy Lorenz.

39. Specifically, Plaintiff complained that Mr. Lorenz deliberately failed to honor customers' requests to cancel their contracts after 30 days' notice (per the customers' contractual agreement with Defendants which allows for 30 days' notice to cancel), so as to inflate his sales numbers since the customers would continue to be charged rather than the charges being suspended after 30 days as should have been the case based on those customers' requests. As such, Mr. Lorenz defrauded, deceived, and stole from Defendants' customers.

40. In the spring of 2016, Defendants fired Andy Lorenz for the unlawful conduct Plaintiff reported.

41. On information and belief, Mark Keller was angry with Plaintiff by reason of complaints of discrimination and unlawful conduct by Mr. Lorenz.

42.     In the spring of 2016, Plaintiff not only met but well exceeded her second-quarter goal (earning 140%), and earned a bonus.

43.     Yet still, in June 2016, following Plaintiff's verbal and written complaints of discrimination and complaints of unethical conduct against Mr. Lorenz, Defendants issued Plaintiff a final written warning.

44.     At the end of July 2016, Mark Keller terminated Plaintiff's employment.

45.     Plaintiff believes she was terminated due to age and/or sex discrimination, and/or in retaliation for her complaints of discrimination and/or in retaliation for her complaints of Mr. Lorenz's unlawful conduct.

46.     Defendants also engaged in sexist and ageist conduct by, for example, tending to give preferential treatment to younger female employees whom Defendants considered to be attractive and flirtatious on the basis of sex.

47.     Ms. Bajpeyi routinely engaged in flirtatious behavior with Mark Keller and with her customers.

48.     One customer requested that Ms. Bajpeyi not continue to service that customer's account due to her unprofessional, flirtatious behavior.

49.     Mark Keller seemed particularly enamored by Ms. Bajpeyi's youthful and physical appearance and flirtatious behavior.

50.     Mark Keller allowed Ms. Bajpeyi to get away with inappropriate and unprofessional conduct, such as poor performance, failing to perform work duties, and receiving a customer complaint for flirtatious behavior, on the basis of her age and/or sex.

51.     As a result of the company's discriminatory and retaliatory conduct, Plaintiff has suffered and will continue to suffer emotional distress and lost wages.

## COUNT I
## MHRA – Age Discrimination
## R.S.Mo. § 213.010, *et seq.*
## (Against All Defendants)

52.     Plaintiff incorporates by reference all of the allegations in the Complaint as if set forth herein.

53.     Defendants engaged in a pattern and practice of giving preferential treatment to younger workers outside of the protected age class, and subjecting older workers to adverse actions, including but not limited to adverse territory reassignments, unwarranted disciplinary actions, and termination.

54.     Defendants further intentionally subjected Plaintiff to adverse actions on the basis of her age, including but not limited to territory reassignments, unwarranted disciplinary actions, and her wrongful termination, all of which adversely affected the terms, conditions, compensation, and privileges of Plaintiff's employment.

55.     The conduct and actions of the above-described perpetrators as set forth herein constituted discriminatory treatment by reason of Plaintiff's age.

56.     The actions and conduct of the above-described perpetrators as set forth herein created a negative environment for Plaintiff and negatively affected the terms, conditions, compensation, and/or privileges of Plaintiff's employment.

57.     The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

58.     In addition, management-level employees knew or should have known of the improper ageist conduct, but failed to fully address and remedy the problem.

59. The conduct and actions of the above-described perpetrators as discussed herein was conducted on the basis of Plaintiff's age and constituted discrimination by reason of Plaintiff's age.

60. Without Defendants' discriminatory and/or retaliatory conduct, Plaintiff's employment would not have ended.

61. By failing to conduct a prompt and thorough investigation of Plaintiff's allegations, Defendants condoned and exacerbated the discrimination.

62. Defendants' unlawful conduct directly and proximately caused and will continue to cause Plaintiff to suffer damages, including but not limited to lost wages and emotional distress.

63. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from like conduct.

64. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants and employees of Defendants and were at all such times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendants and/or their actions were ratified by Defendants, thus making Defendants liable for said actions under the doctrine of *respondent superior*.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination prohibited by R.S.Mo. § 213.010, *et al*.; for an award of compensatory and punitive

10

damages; for front pay; for her costs expended; for her reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

## COUNT II
### ADEA – Discrimination
### (Against All Defendants)

65.     Plaintiff hereby incorporates by reference every other allegation of this Complaint as if fully set forth herein.

66.     Defendants engaged in a pattern and practice of giving preferential treatment to younger workers outside of the protected age class, and subjecting older workers to adverse actions, including but not limited to adverse territory reassignments, unwarranted disciplinary actions, and termination.

67.     Defendants further intentionally subjected Plaintiff to adverse actions on the basis of her age, including but not limited to territory reassignments, unwarranted disciplinary actions, and her wrongful termination, all of which adversely affected the terms, conditions, compensation, and privileges of Plaintiff's employment.

68.     The conduct and actions of the above-described perpetrators as discussed herein was conducted on the basis of Plaintiff's age and constituted discrimination by reason of Plaintiff's age.

69.     Defendants, at all relevant times, had actual and constructive knowledge of the conduct described herein.

70.     Defendants failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

11

71.     Defendants' unlawful conduct directly and proximately caused and will continue to cause Plaintiff to suffer damages, including but not limited to lost wages and emotional distress.

72.     The actions and conduct of the above-described perpetrators as set forth herein were intentional, willful, malicious, grossly negligent, reckless, extreme, and outrageous and exhibited a conscious disregard for Plaintiff's rights and the rights of others, and therefore Plaintiff is entitled to liquidated damages.

WHEREFORE Plaintiff prays for judgment against Defendants on Count II of her Complaint for a finding that she has been subjected to discrimination in violation of the Age Discrimination in Employment Act; for an award of back pay, including lost bonuses, cost of living increase and other benefits including interest; for an award of compensatory and liquidated damages; pre-judgment and post-judgment interest as provided by law; for her costs herein expensed; reasonable attorneys' fees; and for such other relief as this court deems just and proper.

**COUNT III**
**MHRA – Sex Discrimination**
**R.S.Mo. § 213.010, *et seq*.**
**(Against All Defendants)**

73.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

74.     Defendants unlawfully segregated or classified employees by giving preferential treatment to younger, female employees whom Defendants considered to be attractive and youthful looking, and flirtatious, which had the effect of depriving Plaintiff of employment opportunities and otherwise affected her status as an employee by reason of her sex and age.

12

75.     Defendants engaged in sexist, discriminatory conduct by tending to give preferential treatment to younger females whom Defendants considered to be youthful, attractive, and flirtatious.

76.     Ms. Bajpeyi routinely engaged in flirtatious behavior with Mark Keller and with her customers.

77.     One customer requested that Ms. Bajpeyi not continue to service that customer's account due to her unprofessional, flirtatious behavior.

78.     Mark Keller seemed particularly enamored by Ms. Bajpeyi's youthful and physical appearance and flirtatious behavior.

79.     Mark Keller allowed Ms. Bajpeyi to get away with inappropriate and unprofessional conduct, such as poor performance, failing to perform work duties, and receiving a customer complaint for flirtatious behavior, on the basis of her sex including her attractive physical appearance and flirtatious behavior.

80.     Defendants subjected Plaintiff to adverse actions by reason of her sex because Defendants believed she did not appear as youthful and attractive, or act as flirtatious, as Defendants preferred their female employees to look and act.  Such adverse actions included but were not limited to territory reassignments, unwarranted disciplinary actions, and her wrongful termination, all of which adversely affected the terms, conditions, compensation, and privileges of Plaintiff's employment.

81.     The conduct and actions of the above-described perpetrators as set forth herein constitutes discriminatory treatment of Plaintiff on the basis of Plaintiff's sex.

82.     The actions and conduct by the above-described perpetrators as set forth herein were discriminatory and detrimentally and adversely affected Plaintiff and the terms, conditions, and privileges of Plaintiff's employment.

83. Defendants' conduct would have been offensive to a reasonable person, and would have detrimentally affected a reasonable person.

84. Management-level employees of Defendants knew or should have known of the discrimination occurring on the basis of sex, but failed to address the problem, and further failed to implement effective and appropriate procedures to stop such conduct.

85. As a result of the company's discriminatory and retaliatory conduct, Plaintiff has suffered and will continue to suffer emotional distress and lost wages.

86. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count III of her Complaint for Damages, for a finding that she has been subjected to unlawful discrimination prohibited by R.S.Mo. § 213.055; for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' fees; and for such other relief as this Court deems just and proper.

**COUNT IV**
**Title VII – Sex Discrimination**
**42 U.S.C. § 2000e *et seq*.**
**(Against All Defendants)**

COMES NOW Plaintiff and for Count IV of her Complaint against Defendants alleges and states as follows:

87. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

14

88.     Defendants unlawfully segregated or classified employees by giving preferential treatment to younger, female employees whom Defendants considered to be attractive and youthful looking, and flirtatious, which had the effect of depriving Plaintiff of employment opportunities and otherwise affected her status as an employee by reason of her sex and age.

89.     Defendants engaged in sexist, discriminatory conduct by tending to give preferential treatment to younger females whom Defendants considered to be youthful, attractive, and flirtatious, in violation of 703(a) of Title VII, 42 U.S.C. §2000e 2(a) and §2000e 3(a).

90.     Ms. Bajpeyi routinely engaged in flirtatious behavior with Mark Keller and with her customers.  One customer requested that Ms. Bajpeyi not continue to service that customer's account due to her unprofessional, flirtatious behavior.

91.     Mark Keller seemed particularly enamored by Ms. Bajpeyi's youthful and physical appearance and flirtatious behavior.

92.     Mark Keller allowed Ms. Bajpeyi to get away with inappropriate and unprofessional conduct, such as poor performance, failing to perform work duties, and receiving a customer complaint for flirtatious behavior, on the basis of her age and/or sex and youthful, attractive appearance.

93.     Defendants subjected Plaintiff to adverse actions by reason of her sex because Defendants thought she did not look as attractive and youthful or act as flirtatious as Defendants preferred their female employees to look and act.  Such adverse actions included but were not limited to territory reassignments, unwarranted disciplinary actions, and her wrongful termination, all of which adversely affected the terms, conditions, compensation, and privileges of Plaintiff's employment.

15

94. As a result of the company's discriminatory and retaliatory conduct, Plaintiff has suffered and will continue to suffer emotional distress and lost wages.

95. The discrimination to which Defendants subjected Plaintiff had the purpose and effect of unreasonably interfering with the terms, conditions, compensation, and privileges of Plaintiff's employment.

96. The conduct as described herein would have offended a reasonable person of the same gender in Plaintiff's position.

97. Management-level employees of Defendants knew or should have known of the sex discrimination described herein but failed to take appropriate action to address the discrimination and further failed to implement effective and appropriate procedures to stop and remedy the gender discrimination.

98. Defendants, through their agents and employees, engaged in the discriminatory conduct described herein with malice or reckless indifference to Plaintiff's federally protected rights.

99. The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from like conduct.

100. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages, including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count IV of her Complaint, for a finding that she has been subjected to unlawful discrimination and harassment prohibited by 42 U.S.C. §2000e *et seq.*; for an award of compensatory and

punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' fees and expert fees as provided by 42 U.S.C. § 2000e 5(k); and for such other relief as this Court deems just and proper.

**COUNT V**
**MHRA – Retaliation**
**R.S.Mo. § 213.010,** *et seq.*
**(Against All Defendants)**

101.    Plaintiff incorporates by reference all of the allegations in the Complaint as if set forth herein.

102.    Plaintiff engaged in protected activity by reporting and attempting to report Defendants' inappropriate age and sex-based discriminatory treatment.

103.    Defendants retaliated against Plaintiff in ways including but not limited to by reallocating her territory, issuing her unwarranted discipline, and terminating her employment.

104.    Defendants failed to properly investigate Plaintiff's complaints of discrimination; instead, Defendants terminated Plaintiff's employment.

105.    Defendants violated Missouri law which provides zero tolerance for any form of retaliation whatsoever.

106.    Without the retaliatory treatment, Plaintiff's employment would not have ended.

107.    Defendants' retaliatory actions against Plaintiff have caused her emotional distress.

108.    At the time Defendants retaliated against Plaintiff, Defendants knew such retaliation was unlawful.

109.    The actions and conduct set forth herein were outrageous and showed an evil motive, reckless indifference, or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from like conduct.

110.    At all times mentioned herein, before and after the above-described perpetrators were agents, servants and employees of Defendants and were at all such times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendants and/or their actions were ratified by Defendants, thus making Defendants liable for said actions under the doctrine of respondent superior.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count V of his Complaint, for a finding that he has been subjected to unlawful retaliation prohibited by R.S.Mo. § 213.010 *et al.*; for an award of compensatory damages and punitive damages; for front pay; for her costs expended; for her reasonably attorneys' fees; and for such other relief as this Court deems just and proper.

### COUNT VI
### ADEA - Retaliation
### (Against All Defendants)

111.    Plaintiff hereby incorporates by reference every other allegation of this Complaint as if fully set forth herein.

112.    Plaintiff reported and opposed unlawful age discrimination in the workplace.

113.    Plaintiff's complaints and reports of Defendants' age discrimination to Mr. Keller and Defendants' Human Resources department constituted protected activity.

114.    Plaintiff's continued opposition to Defendants' discrimination against her constituted protected activity.

115.    By reason of Plaintiff's complaints, Defendants retaliated against Plaintiff, including subjecting Plaintiff to greater scrutiny and baseless claims of poor performance, issuing her unwarranted discipline, and terminating her employment.

116.    The actions Defendants took against Plaintiff might well have persuaded a reasonable person in the same or similar circumstances of Plaintiff to not report or to not oppose workplace discrimination.

117.    Defendants would not have taken material adverse actions against Plaintiff but for Plaintiff's act of opposing and reporting unlawful discrimination in the workplace.

118.    Plaintiff's reports of, and opposition to, unlawful discrimination and in the workplace was a determining factor in Defendants' decision to subject Plaintiff to greater scrutiny and baseless claims of poor performance, issuing her unwarranted discipline, and terminating her employment.

119.    Defendants' unlawful conduct directly and proximately caused and will continue to cause Plaintiff to suffer damages, including but not limited to lost wages and emotional distress.

120.    Defendants' actions were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others. Therefore, Plaintiff is entitled to punitive damages from Defendants to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE Plaintiff prays for judgment against Defendants on Count VI of her Complaint for a finding that she has been subjected to unlawful retaliation in

violation of the Age Discrimination in Employment Act; for an award of back pay, including lost bonuses, cost of living increase and other benefits including interest; for an award of compensatory and punitive damages; pre-judgment and post-judgment interest as provided by law; for her costs herein expensed; reasonable attorneys' fees; and for such other relief as this court deems just and proper.

**COUNT VII**
**Title VII – Retaliation**
**42 U.S.C. § 2000e et seq.**
**(Against All Defendants)**

COMES NOW Plaintiff and for Count VII of her Complaint against Defendants alleges and states as follows:

121.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

122.    Plaintiff complained to Defendant of the sex discrimination to which Defendants subjected Plaintiff.

123.    Plaintiff's complaints of sex discrimination constituted a legally protected activity under Title VII.

124.    By reason of Plaintiff's complaints, Defendants retaliated against Plaintiff, in ways including but not limited to subjecting Plaintiff to greater scrutiny and baseless claims of poor performance, issuing her unwarranted discipline, and terminating her employment.

125.    At all times mentioned herein, before and after, the above-mentioned individuals, were agents, servants, and employees of Defendants and were at all times acting within the course and scope of their employment.

126.    Defendants' retaliation against Plaintiff was intentional, willful, and malicious, and constituted a willful violation of Plaintiff's federally protected rights.

127.    At the time Defendants retaliated against Plaintiff, Defendants knew that such retaliation was unlawful.

128.    The action and conduct set forth herein was outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendants to punish and deter Defendants and others from like conduct.

129.    As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including emotional distress and lost wages.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count VII of her Complaint, for a finding that she has been subjected to unlawful retaliation prohibited by 42 U.S.C. §2000e *et seq.*; for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' fees and expert fees provided by 42 U.S.C. § 2000e 5k and for such other relief as this Court deems just and proper.

## COUNT VIII
### Wrongful Termination in Violation of Missouri Public Policy
### (Against All Defendants)

130.    Plaintiff incorporates herein by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

131.    Plaintiff reported to Defendants that her co-worker, Andy Lorenz, had been engaging in unethical, improper, and unlawful behavior by deceiving, defrauding

and/or stealing from Defendants' customers, because Mr. Lorenz deliberately failed to honor the customers' cancellation requests, without consent, and instead continued to charge customers for advertising services the customers had requested to cancel, because Mr. Lorenz wished to inflate his own sales numbers.

132.   Plaintiff reported Mr. Lorenz's conduct which she in good faith believed to be in violation of Missouri law and Missouri public policy.

133.   On information and belief, Mr. Lorenz's conduct violates Missouri law and/or Missouri public policy including but not limited to as set forth in the Missouri Merchandising Practices Act, § 407.010, *et seq*., R.S.Mo. § 407.020, and/or § 570.030, and/or § 570.130, which are incorporated here by reference, and/or the public policies underlying such laws.

134.   Defendants violated the law and public policy of the State of Missouri by terminating Plaintiff for her good faith reporting and belief that Mr. Lorenz was engaging in practices of unlawful fraud, theft, deception, and/or stealing, in violation of Missouri law and Missouri public policy as set forth herein.

135.   As a direct and proximate cause of the alleged wrongful discharge, Plaintiff has incurred and will continue to incur lost wages and is entitled to compensatory damages for such loss.

136.   As a direct and proximate cause of her wrongful discharge, Plaintiff has suffered and will continue to suffer emotional distress.

137.   The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference and/or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendants to punish them and to deter Defendants and others from similar conduct.

138. At all times referenced herein, the above named perpetrators were employees, agents and servants of Defendants, and were at all such times acting within the course and scope of their employment with Defendants and/or their actions were expressly authorized by Defendants, making Defendants liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants on Count IV of the Complaint, for a finding that she has been subjected to wrongful termination in violation public policy, for an award of compensatory and punitive damages, for her costs expended, pre judgment and post judgment interest as provided by law, and for such other and further relief as this Court deems just and proper, including equitable relief.

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff demands a jury trial on all Counts alleged herein.


Respectfully submitted,

HOLMAN SCHIAVONE, LLC

By: */s/ Anne Schiavone*
Anne Schiavone, MO Bar #49349
Kathleen E. Mannion, MO Bar #63992
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: aschiavone@hslawllc.com
Email: kmannion@hslawllc.com

ATTORNEYS FOR PLAINTIFF

23
