# IN THE UNITED STATE DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JEAN MORRIS, | ) |
|     **Plaintiff** | ) ) ) |
| v. | ) )    Case No. 4:17-cv-00606-DGK |
| COX ENTERPRISES, INC.; COX AUTOMOTIVE, INC.; and AUTOTRADER.COM, INC., | ) ) ) )    **JURY TRIAL DEMANDED** |
|     **Defendants.** | ) ) |

## DEFENDANTS AUTOTRADER.COM, INC. AND COX AUTOMOTIVE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Autotrader.com, Inc. and Cox Automotive, Inc. ("Defendants") by and through their undersigned attorneys, hereby file their Answer and Affirmative Defenses to the Complaint filed by Plaintiff Jean Morris ("Plaintiff").

Defendants deny each and every allegation of Plaintiff's Complaint not expressly admitted or otherwise controverted below, and Defendants demand strict proof of those allegations. Defendants also specifically reserve the right to amend this Answer and to assert any additional affirmative defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery, in accordance with the Federal Rules of Civil Procedure.

Defendants' responses to each of the specifically numbered paragraphs of Plaintiff's Complaint are as follows:

## NATURE OF THE CLAIM

1. Defendants admit that Plaintiff has brought this action, but deny that Plaintiff is entitled to any relief from Defendants and further deny that they have engaged in any unlawful employment practices.

## PARTIES

2. Defendants admit that Plaintiff, prior to her resignation, was an employee of Defendant Autotrader.com, Inc. in the State of Missouri. Defendants lack sufficient knowledge or information to determine the truth or falsity of the remaining allegations in Paragraph 2 of the Complaint, and, therefore, such allegations are denied.

3. Defendants admit that Cox Enterprises, Inc. is a company incorporated in the State of Delaware and headquartered in Atlanta, Georgia. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4. Defendants admit that Cox Automotive, Inc. is a company incorporated in the State of Delaware and headquartered in Atlanta, Georgia. Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5. Defendants admit that Autotrader.com, Inc. is a company incorporated in the State of Delaware and headquartered in Atlanta, Georgia. Defendants further admit that Autotrader.com, Inc. is registered to do business in the State of Missouri, where it employed Plaintiff. The remaining allegations in Paragraph 5 of the Complaint consist of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

6. Defendants deny the allegations in Paragraph 6 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

7. Defendants admit that this Court is the proper venue for Plaintiff's claims against Defendant Autotrader.com, Inc. Defendants deny the remaining allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit that Plaintiff purports to invoke the Court's jurisdiction over her allegations. However, Defendants deny that Plaintiff has any viable claims, deny that Defendants

engaged in any unlawful practices, and deny any such allegations or inferences contained in Paragraph 8 of the Complaint. Defendants admit that this Court only has subject matter jurisdiction over the allegations in Plaintiff's Complaint against Defendant Autotrader.com, Inc. Defendants deny the remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendants admit that Plaintiff purports to invoke the Court's jurisdiction over her allegations, however, Defendants deny that Plaintiff has any viable claims, deny that Defendants engaged in any unlawful practices, and deny any such allegations or inferences contained in Paragraph 9 of the Complaint. Defendants admit that this Court only has subject matter jurisdiction over the allegations in Plaintiff's Complaint against Defendant Autotrader.com, Inc. Defendants deny the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendants admit that Plaintiff purports to invoke the Court's jurisdiction over her allegations, however, Defendants deny that Plaintiff has any viable claims, deny that Defendants engaged in any unlawful practices, and deny any such allegations or inferences contained in Paragraph 10 of the Complaint. Defendants admit that this Court is the proper venue over the allegations in Plaintiff's Complaint against Defendant Autotrader.com, Inc. Defendants deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

## ADMINISTRATIVE PROCEEDINGS

11. Defendants state that the Charge (E-09/16-47250/28E-2016-01787C) appended to Plaintiff's Complaint as Exhibit A speaks for itself, and thus requires no response. To the extent a response is required, Defendants deny the allegations contained in the Charge.

12. Defendants state that Exhibit B of the Complaint speaks for itself, and thus requires no response. To the extent a response is required, Defendants deny the allegations contained in the Charge. Defendants further deny that Exhibit B is a copy of the Charge.

13. Defendants state that Exhibit C of the Complaint speaks for itself, and thus requires no response. To the extent a response is required, Defendants deny the allegations contained in the Charge. Defendants further deny that Exhibit C is a copy of the Charge.

## FACTUAL ALLEGATIONS

14. Defendant Autotrader.com, Inc. admits that it employed Plaintiff as an Advertising Consultant from August 6, 2007 to July 29, 2016. Defendants deny the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 15 of the Complaint, and, therefore, such allegations are denied.

16. The allegations in Paragraph 16 of the Complaint consist of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

17. Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 19 of the Complaint, and, therefore, such allegations are denied.

20. Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 23 of the Complaint, and, therefore, such allegations are denied.

24. Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations in Paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations in Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations in Paragraph 41 of Plaintiff's Complaint.

42. Defendants admit that in the Second Quarter of 2016, Plaintiff exceeded her growth goal, in part, due to a lead developed by another employee and a referral from another employee. However, Plaintiff experienced negative growth in the First, Third and Fourth Quarters of 2016.

43. Defendants deny the allegations in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Defendants lack sufficient knowledge or information to determine the truth or falsity of some of the allegations in Paragraph 45 of the Complaint, and, therefore, such allegations are denied. The remaining allegations are expressly denied.

46. Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations in Paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations in Paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations in Paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations in Paragraph 51 of Plaintiff's Complaint. Defendants expressly deny that Defendants engaged in any unlawful, retaliatory, or discriminatory conduct or that Plaintiff has suffered any emotional distress or lost wages.

## COUNT I
### MHRA — Age Discrimination
### R.S.Mo. § 213.010, *et seq.*
### (Against All Defendants)

52. Defendants incorporate by reference all of their responses to Plaintiff's Complaint as set forth herein.

53. Defendants deny the allegations in Paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations in Paragraph 54 of Plaintiff's Complaint.

55. Paragraph 55 of the Complaint consist of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

56. Defendants deny the allegations in Paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations in Paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegations in Paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations in Paragraph 59 of Plaintiff's Complaint.

60. Defendants deny the allegations in Paragraph 60 of Plaintiff's Complaint.

61. Defendants deny the allegations in Paragraph 61 of Plaintiff's Complaint.

62. Defendants deny the allegations in Paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations in Paragraph 63 of Plaintiff's Complaint.

64. Paragraph 64 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

Plaintiff's "WHEREFORE" clause requires no response, but Defendants deny that Plaintiff is entitled to any of the relief requested. To the extent the "WHEREFORE" clause contains facts or otherwise requires a response, Defendants deny the same.

## COUNT II
### AREA — Discrimination
**(Against All Defendants)**

65. Defendants incorporate by reference all of the responses to Plaintiff's Complaint as set forth herein.

66. Defendants deny the allegations in Paragraph 66 of Plaintiff's Complaint.

67. Defendants deny the allegations in Paragraph 67 of Plaintiff's Complaint.

68. Defendants deny the allegations in Paragraph 68 of Plaintiff's Complaint.

69. Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.

70. Paragraph 70 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

71. Defendants deny the allegations in Paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegations in Paragraph 72 of Plaintiff's Complaint.

Plaintiff's "WHEREFORE" clause requires no response, but Defendants deny that Plaintiff is entitled to any of the relief requested. To the extent the "WHEREFORE" clause contains facts or otherwise requires a response, Defendants deny the same.

## COUNT III
## MHRA - Sex Discrimination
### R.S.Mo. § 213.010, *et seq.*
### (Against All Defendants)

73. Defendants incorporate by reference all of the responses to Plaintiff's Complaint as set forth herein.

74. Defendants deny the allegations in Paragraph 74 of Plaintiff's Complaint.

75. Defendants deny the allegations in Paragraph 75 of Plaintiff's Complaint.

76. Defendants deny the allegations in Paragraph 76 of Plaintiff's Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

82. Paragraph 82 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Defendants deny the allegations in Paragraph 85 of the Complaint.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

Plaintiff's "WHEREFORE" clause requires no response, but Defendants deny that Plaintiff is entitled to any of the relief requested. To the extent the "WHEREFORE" clause contains facts or otherwise requires a response, Defendants deny the same.

8

US2008 13335037 2

Case 4:17-cv-00606-DGK   Document 11   Filed 10/02/17   Page 8 of 18

## COUNT IV
### Title VII — Sex Discrimination
### 42 U.S.C. § 2000e *et seq.*
### (Against All Defendants)

87. Defendants incorporate by reference all of the responses to Plaintiff's Complaint as set forth herein.

88. Defendants deny the allegations in Paragraph 88 of the Complaint.

89. Defendants deny the allegations in Paragraph 89 of the Complaint.

90. Defendants deny the allegations in Paragraph 90 of Plaintiff's Complaint.

91. Defendants deny the allegations in Paragraph 91 of Plaintiff's Complaint.

92. Defendants deny the allegations in Paragraph 92 of Plaintiff's Complaint.

93. Defendants deny the allegations in Paragraph 93 of Plaintiff's Complaint.

94. Defendants deny the allegations in Paragraph 94 of Plaintiff's Complaint.

95. Paragraph 95 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

96. Defendants deny the allegations in Paragraph 96 of Plaintiff's Complaint.

97. Defendants deny the allegations in Paragraph 97 of Plaintiff's Complaint.

98. Paragraph 98 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

99. Paragraph 99 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

100. Defendants deny the allegations in Paragraph 100 of Plaintiff's Complaint.

Plaintiff's "WHEREFORE" clause requires no response, but Defendants deny that Plaintiff is entitled to any of the relief requested. To the extent the "WHEREFORE" clause contains facts or otherwise requires a response, Defendants deny the same.

## COUNT V
## MHRA — Retaliation
## R.S.Mo. § 213.010, *et seq.*
## (Against All Defendants)

101. Defendants incorporate by reference all of the responses to Plaintiff's Complaint as set forth herein.

102. Paragraph 102 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

103. Defendants deny the allegations of Paragraph 103 of Plaintiff's Complaint.

104. Defendants deny the allegations of Paragraph 104 of Plaintiff's Complaint.

105. Paragraph 105 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

106. Defendants deny the allegations of Paragraph 106 of Plaintiff's Complaint.

107. Defendants deny the allegations of Paragraph 107 of Plaintiff's Complaint.

108. Defendants deny the allegations of Paragraph 108 of Plaintiff's Complaint.

109. Paragraph 109 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

110. Defendants deny the allegations of Paragraph 110 of Plaintiff's Complaint.

Plaintiff's "WHEREFORE" clause requires no response, but Defendants deny that Plaintiff is entitled to any of the relief requested. To the extent the "WHEREFORE" clause contains facts or otherwise requires a response, Defendants deny the same.

## COUNT VI
## AREA – Retaliation
## (Against All Defendants)

111. Defendants incorporate by reference all of the responses to Plaintiff's Complaint as set forth herein.

112. Defendants deny the allegations of Paragraph 112 of Plaintiff's Complaint.

113. Paragraph 113 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

114. Paragraph 114 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

115. Defendants deny the allegations in Paragraph 115 of Plaintiff's Complaint.

116. Plaintiff's allegations in Paragraph 116 are so vague and ambiguous that Defendants are not in a position to admit or deny the allegations. Regardless, to the extent that a response is necessary, Defendants deny the allegations.

117. Defendants deny the allegations in Paragraph 117 of Plaintiff's Complaint.

118. Defendants deny the allegations in Paragraph 118 of Plaintiff's Complaint.

119. Paragraph 119 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

120. Paragraph 120 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

Plaintiff's "WHEREFORE" clause requires no response, but Defendants deny that Plaintiff is entitled to any of the relief requested. To the extent the "WHEREFORE" clause contains facts or otherwise requires a response, Defendants deny the same.

### COUNT VII
**Title VII — Retaliation**
**42 U.S.C. § 2000e et seq.**
**(Against All Defendants)**

121. Defendants incorporate by reference all of the responses to Plaintiff's Complaint as set forth herein.

122. Defendants deny the allegations in Paragraph 122 of Plaintiff's Complaint.

123. Paragraph 123 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

124. Defendants deny the allegations in Paragraph 124 of Plaintiff's Complaint.

125. Defendants deny the allegations in Paragraph 125 of Plaintiff's Complaint.

126. Defendants deny the allegations in Paragraph 126 of Plaintiff's Complaint.

127. Defendants deny the allegations in Paragraph 127 of Plaintiff's Complaint.

128. Paragraph 128 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

129. Defendants deny the allegations in Paragraph 129 of Plaintiff's Complaint.

Plaintiff's "WHEREFORE" clause requires no response, but Defendants deny that Plaintiff is entitled to any of the relief requested. To the extent the "WHEREFORE" clause contains facts or otherwise requires a response, Defendants deny the same.

## COUNT VIII
### Wrongful Termination in Violation of Missouri Public Policy
### (Against All Defendants)

130. Defendants incorporate by reference all of the responses to Plaintiff's Complaint as set forth herein.

131. Defendants deny the allegations in Paragraph 131 of Plaintiff's Complaint.

132. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 132 of the Complaint, and, therefore, such allegations are denied.

133. Paragraph 133 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

134. Defendants deny the allegations in Paragraph 134 of Plaintiff's Complaint.

135. Paragraph 135 of the Complaint consists of legal arguments to which no response is required. To the extent that a response is required, the allegations are denied.

136. Defendants lack sufficient knowledge or information to determine the truth or falsity of the allegations in Paragraph 136 of the Complaint, and, therefore, such allegations are denied.

137. Defendants deny the allegations in Paragraph 137 of the Complaint.

138. Defendants deny the allegations in Paragraph 138 of Plaintiff's Complaint.

Plaintiff's "WHEREFORE" clause requires no response, but Defendants deny that Plaintiff is entitled to any of the relief requested. To the extent the "WHEREFORE" clause contains facts or otherwise requires a response, Defendants deny the same.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Court lacks personal jurisdiction over Defendant Cox Automotive, Inc.

### THIRD DEFENSE

Plaintiff's claims against Defendants must be dismissed because Plaintiff was not terminated from her employment. Rather Plaintiff, on her own volition, resigned from her employment with Defendant Autotrader.com, Inc.

### FOURTH DEFENSE

Defendant Cox Automotive, Inc. did not employ Plaintiff and cannot be considered Plaintiff's employer under the claims asserted by Plaintiff.

**FIFTH DEFENSE**

There was no employer-employee relationship between Defendant Cox Automotive, Inc. and Plaintiff.

**SIXTH DEFENSE**

Defendant Cox Automotive, Inc. is not a "joint employer" with respect to Plaintiff.

**SEVENTH DEFENSE**

Plaintiff's claims should be dismissed for failure to state a claim because Plaintiff has not alleged that any male employees who were similarly situated to Plaintiff received differential treatment from Plaintiff.

**EIGHTH DEFENSE**

Plaintiff suffered no damages as a result of Defendants' conduct and is, therefore, not entitled to any of the relief requested in Plaintiff's Complaint.

**NINTH DEFENSE**

Any actions Defendants took against Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory business reasons and not based on Plaintiff's gender, age, or any other protected characteristic. There is no evidence that such reasons were a pretext for unlawful discrimination or retaliation.

**TENTH DEFENSE**

Defendants affirmatively allege that any of Defendants' actions and those of any of their agents were lawful, fully justified, privileged, and taken in good faith, and that Defendants committed no willful violation of law, nor did Defendants recklessly disregard the requirements

of any applicable law. Defendants have, at all times, acted with reasonable grounds to believe that Defendants' practices complied with all applicable laws.

**ELEVENTH DEFENSE**

Defendants did not engage in any discriminatory or retaliatory conduct, willful or otherwise, toward Plaintiff. Any actions taken by Defendants or Defendants' agents regarding Plaintiff were not willful, outrageous, knowing, or intentional, and were done without malice and without reckless indifference to Plaintiff's rights.

**TWELFTH DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred or reduced due to her own voluntary acts or omissions.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any damage or injury Plaintiff may have suffered was caused, in whole or in part, by persons or factors unrelated to Defendants.

**FIFTEENTH DEFENSE**

Plaintiff has failed to mitigate whatever damages, if any, she may have incurred in that Plaintiff has failed to engage in reasonable efforts to secure and maintain alternate employment.

**SIXTEENTH DEFENSE**

Plaintiff's damages, if any, are limited by all applicable damages caps.

## SEVENTEENTH DEFENSE

Plaintiff's damages, if any, are limited by after-acquired evidence of the Plaintiff's misconduct, to the extent that such evidence is uncovered through discovery.

## EIGHTEENTH DEFENSE

Plaintiff has failed to state any facts entitling her to any punitive damages, liquidated damages, or compensatory damages, including damages for emotional distress, damages for harm to reputation, lost wages and benefits, and attorneys' fees.

## NINETEENTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrines of waiver, release, unclean hands, estoppel, and/or laches.

## TWENTIETH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## TWENTY-FIRST DEFENSE

Any improper, illegal, discriminatory, or retaliatory actions by Defendants' agents or employees were outside the course and scope of their employment and were not ratified, confirmed, or approved by Defendants and cannot be attributed to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That judgment be entered in favor of Defendants and against Plaintiff and that the Complaint be dismissed with prejudice;

2. That Defendants be awarded their costs of this action;

3. That Defendants be awarded reasonable attorneys' fees as may be determined by the Court; and

4. That the Court award such other and further relief as it deems just and proper.

Respectfully submitted this 2nd day of October, 2017.

SEYFERTH BLUMENTHAL & HARRIS LLC

/s/ Erin D. Lawrence
Michael L. Blumenthal, MO Bar #49153
Erin D. Lawrence, MO Bar #63021
4801 Main Street, Suite 310
Kansas City, MO 64112
(816) 765-0700 (telephone)
(816) 765-3700 (facsimile)
mike@sbhlaw.com
erinl@sbhlaw.com

KILPATRICK TOWNSEND & STOCKTON LLP

Kathryn S. McConnell, GA Bar #265509
(*Pro Hac Vice Application is Forthcoming*)
1100 Peachtree Street, NE, Suite 2800
Atlanta, Georgia 30309
(404) 815-6500 (telephone)
(404) 815-6555 (facsimile)
kmcconnell@kilpatricktownsend.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of October 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to Plaintiff's counsel:

Anne Schiavone
Kathleen Mannion
Holman Schiavonne LLC
4600 Madison, Suite 810
Kansas City, MO 64112

*/s/ Erin D. Lawrence*
*Attorney for Defendants*